**In re Marriage of Homer Lee BRITTON, Sr., Respondent,**

**and**

**Lorraine Britton (Pryor), Appellant.**

**No. 10625.**

Missouri Court of Appeals, Springfield District, Division Three.

Nov. 22, 1978.

Motion for Rehearing or Transfer Denied Dec. 12, 1978.

Application to Transfer Denied Jan. 8, 1979.

John L. Woodward, Steelville, for respondent.

J. Kent Howald, R. Brooks Kenagy, Beckham, Hale & Howald, Steelville, for appellant.

BILLINGS, Judge.

Motion to modify custody of minor child. The court granted the father's motion and vested custody in him. The mother appealed, contending there was no substantial evidence of change of circumstances to support the modification order. We agree and reverse.

The marriage of the parties was dissolved February 25, 1976, following the filing of a joint petition. The decree followed the terms of a separation agreement of the parties and vested custody of the four older children (then ages 19, 18, 16 and 13) in the father and placed the custody of four-year-old Tania Sue with the mother. Each party was granted reasonable visitation privileges and in addition, the father was granted temporary custody of Tania Sue for three months each summer.

Prior to the entry of the dissolution decree, the mother and Tania Sue moved to near Tacoma, Washington, and thereafter the mother remarried. Since the age of fifteen months, Tania Sue has suffered from epilepsy, cerebral palsy, and a hyperkinetic condition.

*Five months* after the decree of dissolution was entered, and while the father had temporary custody of Tania Sue he filed this proceeding and sought custody of the child. As grounds for modification, the father alleged that during the time the mother had custody the child had become nervous and emotional, had started stuttering and stammering, and had lost weight; further, that while the child had been in his custody, she had gained weight, was less nervous and anxious, and ceased stuttering and stammering. The father also alleged that since the entry of the decree he had conferred with doctors who had treated the mother *prior* to the decree and they had opined her physical and mental condition was such that she could not properly care for Tania Sue and that the child's well-being was jeopardized by being in the mother's custody.

At the modification hearing, over the mother's objection, the deposition of a psychiatrist who had treated the mother from time to time during the period 1959 to October 1, 1975, was received in evidence. The doctor had also treated the father and the older son. Among other things, the doctor stated it was his opinion that the father was a better parent than the mother, assuming the mother's condition had not changed since he last saw her on October 1, 1975. Controverting this testimony was a psychiatric evaluation of the mother by a Tacoma, Washington, doctor as a result of an examination conducted November 12, 1976. It was the latter doctor's opinion that the mother was not suffering from any psychiatric disorder and that she was entirely capable of caring for Tania Sue.

We will not unduly prolong this opinion. We have read the transcript in its entirety and viewed the exhibits received by the trial court. It is obvious that the father and the children living with him would like to have Tania Sue as a member of their household. It is equally clear that the mother wants her afflicted child with her. Furthermore, the competent and relevant evidence in the modification hearing dictates a conclusion that there was no substantial evidence that a change of circumstances had occurred since the entry of the original custody award and that the welfare of Tania Sue calls for a change of custody. It is only where the change of circumstances or conditions is such that the welfare of the child requires it that custody should be transferred. *Klaus v. Klaus*, 509 S.W.2d 479 (Mo.App.1974). When custody has been once adjudicated, it is presumed that the custodian remains suitable and the burden of proving a change of circumstances as to call for a change of custody is on the party seeking the change. *Clouse v. Clouse*, 545 S.W.2d 402 (Mo.App.1976); *Meinking v. Meinking*, 529 S.W.2d 440 (Mo.App.1975).

The order modifying the original decree is reversed.

FLANIGAN, C. J., and HOGAN, J., concur.