**Susan K. DOWNEY,
Petitioner-Respondent,**

v.

**Robert W. DOWNEY,
Respondent-Appellant.**

**No. 13742.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 19, 1985.

Karl W. Blanchard, Jr., David C. Humphreys, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for petitioner-respondent.

Douglas K. Crandall, Crandall, Crawford & Crandall, Carthage, for respondent-appellant.

PREWITT, Chief Judge.

Robert W. Downey appeals from a denial of his motion to modify child custody. The marriage of appellant and respondent was dissolved on February 18, 1981. Respondent received custody of the two children born to the marriage, a male then two years old and a female then nine months old.

On April 20, 1983 respondent attempted suicide. Appellant had the children with him at the time and thereafter took actual principal custody of the children. He filed a motion to modify on May 20, 1983, seeking an order granting him custody of the children. The children resided with appellant until the hearing on his motion.

After the suicide attempt respondent voluntarily sought treatment for drug and alcohol dependency and "severe depression". At the time of the custody hearing she was on medication. She presented expert testimony from three witnesses that her drug and alcohol problems were corrected, her depression under control so that she could function normally, and that she was capable of taking care of the children. There was no expert testimony or direct evidence to the contrary. Respondent is a registered nurse. Following her treatment she resumed her employment at a hospital in Joplin. There was evidence that she was a "very good" employee.

The trial judge found that during the latter part of 1982 and early 1983 respondent "was not capable of properly caring for the children but that condition does not presently exist". The trial court determined "that at the time of the hearing, both parties were fit and proper persons to have principal care and custody of the children." Appellant's motion for principal custody was denied.

Section 452.410, RSMo 1978 (now amended, see RSMo Supp.1984), states that a court shall not modify a prior custody decree unless "it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

When custody has been once adjudicated, it is presumed that the custodian remains suitable and the burden of proving a change of circumstances sufficient to call for a change of custody is on the party seeking the change. *In re Marriage of Britton*, 574 S.W.2d 475, 476 (Mo.App. 1978). Custody should be transferred only where the change of circumstances or conditions are such that the welfare of the children require it. *Id.*

For custody to be changed, the change in circumstances must be such as to give definite promise that the custody change will substantially benefit the child. *Schmidt v. Schmidt*, 591 S.W.2d 260, 262 (Mo.App.1979).

Appellate courts should give deference to the decision of the trial court, recognizing that it is in a better position not only to judge the credibility of the parties directly, but their sincerity and character and other trial intangibles which may not be completely revealed by the record. *In re Marriage of Scobee*, 667 S.W.2d 467, 470 (Mo.App.1984).

Appellant contends that the trial court's determination was erroneous because "the trial court required that the change of circumstances in a modification must be 'con-

tinuing', and ignored the best interests of the minor children and the precedent that the courts need not wait for a manifestation of harmful consequences to the children before changing custody." That standard for changing custody is premised upon a "reasonable likelihood" of an adverse effect on the child if kept with that custodian. *In re Marriage of P.I.M.*, 665 S.W.2d 670, 672 (Mo.App.1984). See also *Ryan v. Ryan*, 652 S.W.2d 313, 316 (Mo.App.1983) (Reasonable likelihood of an adverse effect on the child); *N.K.M. v. L.E.M.*, 606 S.W.2d 179, 186 (Mo.App.1980) (Damage to the child is likely to occur).

■ Appellant contends that the children might be endangered by respondent having their custody, but the trial court apparently found that they would not be. There was no evidence that respondent had ever intentionally harmed the children. Appellant did show that on one occasion when respondent was in a deep sleep, or perhaps "passed out" due to drugs and/or alcohol, the children had covered most of their bodies with food coloring. One of respondent's experts agreed on cross-examination with an article stating that a "severe depressed person" who is a suicide risk sometimes represents a threat to his loved ones "who he might choose to kill in order to spare them from such a hopeless world or to free them from the shame of his guilt." However, in view of the evidence that respondent's condition was under control, and the experts thought it likely to remain so, appellant's assertions do not convince us that the trial judge was wrong.

Among the cases cited by appellant is *In re Marriage of Scobee*, supra, 667 S.W.2d 467. Appellant characterizes this case as "strikingly similar to the instant case". We do not agree. In *Scobee* custody was transferred from the mother to the father based on several changes in circumstances, including the mother's emotional problems. In addition, there was no indication in that case that the emotional problems were under control.

Respondent cites *Garbee v. Tyree*, 400 S.W.2d 193 (Mo.App.1966), *Patterson v.*

*Patterson*, 375 S.W.2d 614 (Mo.App.1964), and *R. v. E.*, 364 S.W.2d 821 (Mo.App.1963), as showing that previous mental illness does not disqualify parents as custodians of their children. Appellant counters that these cases relied on the "tender years presumption", now negated by § 452.375.3, RSMo Supp.1984, and because they are distinguishable on their facts. Of course, no two custody cases are alike. However, those cases illustrate that "[a] mother having been once mentally ill and then incapable of full-time custody of her children is not thereby forever debarred from custody." *Garbee*, supra, 400 S.W.2d at 199.

We are not prepared to take it upon ourselves to say that respondent having principal custody creates a reasonable likelihood of danger to the children. The trial court found that respondent's condition was not such that a change in custody was necessary and giving the trial court proper deference we must affirm its findings.

The judgment is affirmed.

HOGAN, P.J., and CROW, J., concur; MAUS, J., recused.