**Kevin M. IJAMES, Respondent,**

v.

**Rhonda L. IJAMES, Appellant.**

**No. 19697.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 1, 1995.

Martin Mazzei, Mazzei & Broshot, Steelville, for appellant.

C. William Lange, Catherine L. Lange, Lange & Lange, Cuba, for respondent.

PREWITT, Presiding Judge.

Appellant filed a motion to modify the parties' decree of dissolution, seeking primary custody of the two children born of their marriage. The trial court denied the

motion. This appeal followed. Review is under Rule 73.01(c). As that rule is interpreted see *In re Marriage of Gardner,* 890 S.W.2d 303, 304–305 (Mo.App.1994).

Appellant's first point contends that the trial court erred "in hearing evidence from only the appellant on facts that were unknown to the court at the time of the decree in that said evidence was necessary to show a change in circumstances of the child or his custodian and that the modification was necessary to serve the best interest of the child."

No offer of proof regarding what the witnesses may have said was made. Subject to a narrow exception not here applicable, an appellate court does not review the question of excluded evidence without a specific offer of proof. *In re Marriage of Swofford,* 837 S.W.2d 560, 563 (Mo.App.1992); *May v. May,* 801 S.W.2d 728, 733 (Mo.App.1990).

The preferred method to make an offer of proof is to ask witnesses questions and have them answer on the record. *Baker v. Baker,* 319 S.W.2d 11, 17 (Mo.App.1958). *See also Collins v. Finley,* 886 S.W.2d 943, 945 (Mo.App.1994). There is authority indicating that this is the only proper way to make an offer of proof. *Karashin v. Haggard Hauling & Rigging, Inc.,* 653 S.W.2d 203, 205 (Mo. banc 1983); *Hawkinson Tread Tire Service Co. v. Walker,* 715 S.W.2d 335, 336 (Mo.App.1986) (Eastern District); *Dunkin v. Reagon,* 710 S.W.2d 498, 499 (Mo.App. 1986) (Western District). A reasonable argument can be made that this method must be followed in a non-jury case because on appeal the appellate "Court shall consider admissible evidence which was rejected by the trial court and preserved." Rule 73.01(c)(3). Some general statements of counsel were made, but there was no specific offer, neither by counsel's statements nor by the witnesses. Point I is denied.

Appellant contends in her remaining point that the trial court's order was not supported by substantial evidence, was against the weight of the evidence, and erroneously applied the law, as the court "found that either home or parent was suitable but failed to consider the best interest of the children and there was no evidence in the record to show

the children's lives would be disrupted by a change of custody since it was the wish of both children that they live with appellant."

There are certain principles followed in considering a change of custody. When the trial court finds both parents to be fit, appellate courts generally defer to the judge's superior opportunity to see, hear, and evaluate the witnesses. *V.L.P. v. J.M.T.*, 891 S.W.2d 577, 580 (Mo.App.1995). On a motion to modify, the noncustodial parent has the burden of establishing a substantial change of condition which requires a change of custody to serve the child's best interest. *Id.* at 579–580; Section 452.410 RSMo 1994.

When custody has once been adjudicated, it is presumed that the custodian remains suitable and the burden of proving a change of circumstances sufficient to call for a change of custody is on the party seeking the change. *Armstrong v. Armstrong*, 877 S.W.2d 127, 130 (Mo.App.1994); *In re Marriage of Britton*, 574 S.W.2d 475, 476 (Mo. App.1978).

Custody should be transferred only where the change of circumstances and conditions are such that the welfare of the child requires it. *Britton*, 574 S.W.2d at 476. The change in circumstances must be such as to give definite promise that the custody change will substantially benefit the child. *Schmidt v. Schmidt*, 591 S.W.2d 260, 262 (Mo.App. 1979). That children have grown older in and of itself is not a sufficient change of conditions to warrant a change of custody. *Engler v. Engler*, 455 S.W.2d 36, 41 (Mo.App. 1970). In child custody proceedings, the determination of the trial court is given greater deference than in other cases. *Hart v. Hart*, 766 S.W.2d 131, 132 (Mo.App.1989).

If the child involved is of sufficient age to form and express an intelligent preference as to custody, the child should be permitted to do so, and the court should consider that preference along with the other facts and circumstances before it; but that prefer-

ence should be followed only if the welfare and interest of the child, as determined by all the evidence, are consistent with that preference. *Kanady v. Kanady*, 527 S.W.2d 704, 707 (Mo.App.1975). The modification of a custody order should not turn upon the temporary whims or desires of a child. *J. v. E.*, 417 S.W.2d 199, 204 (Mo.App.1967).

The desire of an eleven year old to live with a parent is entitled to some weight, but is not decisive. *Schmidt*, 591 S.W.2d at 263. The undisputed fact that the child wants to live with a certain parent is not a sufficient basis for the award of custody to that parent. *Engler*, 455 S.W.2d at 41.

The female child was born June 19, 1986, and the male child was born January 10, 1989. Appellant testified that one of the children wished to live with her and one of Appellant's witnesses said that the other also wished to live with his mother. The trial court did not have to believe these witnesses. The children's wishes as to custody were not determined in accordance with § 452.385 RSMo 1994. That section is set forth marginally.[1]

Under this Court's limited review and with deference to the trial court's ability to have seen and judged the witnesses, we cannot say that the judgment was wrong.

The judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.

---

1. **452.385. Child's wishes as to custodian, how determined.**—The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court shall cause a record of the interview to be made and to be made part of the record in the case.