**Michael Richard HUFFMAN,
Respondent,**

v.

**Irma Q. HUFFMAN, Appellant.**

**No. WD 56858.**

Missouri Court of Appeals,
Western District.

Submitted Dec. 1, 1999.

Decided Feb. 22, 2000.

appropriate or that the trial court could have        granted the request. *See Rule 81.07(a).*

Michael X. Edgett, Clinton, for appellant.

George R. Lilleston, Clinton, for respondent.

Before JAMES M. SMART, Jr., P.J., JOSEPH M. ELLIS and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Irma Q. Huffman (appellant) appeals from the Henry County Circuit Court's judgment dated January 13, 1999, which modified a prior dissolution decree regarding child custody, visitation and child support. The judgment changed the custody

arrangement from being one of joint legal custody with appellant as the primary physical custodian of the three children to one of joint legal and physical custody between appellant and Michael Richard Huffman (respondent). On appeal, appellant claims that the trial court erred in finding that a substantial and continuing change in circumstances existed to justify modification of the previous order as it relates to the custodial arrangement and financial support of the children.

## Background and Procedural History

At the time of dissolution, appellant and respondent had three minor children: Joshua Huffman, born on May 12, 1983; James Huffman, born on September 17, 1985; and Jason Huffman, born on September 14, 1987. On October 2, 1991, the Circuit Court of Henry County issued a Judgment of Dissolution pursuant to the Separation and Property Settlement Agreement entered into by the parties. The judgment provided that the parties would have joint legal custody, with appellant having actual physical custody of the three children. The judgment also provided for "reasonable rights of visitation at reasonable times *including* the Husband having visitation each week to commence on Thursday at 6:00 p.m. and end Saturday evening at 6:00 p.m. and one weekend to begin on Friday evening at 6:00 p.m. and end on Sunday evening at 6:00 p.m." In addition, respondent was granted visitation on some major holidays, Father's Day, sharing the children's birthdays and for two separate two-week periods during the summer months. Respondent also received one week to take the children to their paternal grandparents. Under the judgment's child support provisions, respondent was obligated to pay $233.33 per month for each child to appellant for child support, and maintain health insurance for their three children.

On April 24, 1998, appellant filed a motion to modify the October 2, 1991 judgment. In her motion, appellant alleged that there had been substantial and continuing changes in the parties' circumstances with regard to the support provisions, and she made various allegations to justify an increase in child support. On June 16, 1998, respondent filed an answer and cross-motion to modify the original judgment of dissolution. In his cross-motion, respondent alleged that there had been a "substantial and continuing change in circumstances since the Judgment Entry of October 2, 1991 was entered so as to make the terms thereof relating to child custody, visitation and child support unreasonable." In support of this contention, respondent asserted, among other things, the following:

(a) That since the date of the Judgment Entry of October 2, 1991, the minor children have aged nearly seven (7) years and desire to spend more time with their natural father and to fish, camp, canoe, bike ride and engage in other activities with their father;

(b) That [respondent] has remarried and has a nurturing, loving, caring and supportive environment in which to raise the children;

(c) That [appellant] has repeatedly failed to cooperate with [respondent] pertaining to matters affecting the minor children, including decision making and allowing an equal voice on all material issues regarding the children's health, education and welfare;

(d) That [appellant] has repeatedly interfered with [respondent's] visitation with the minor children, and has attempted to manipulate and has manipulated matters so as to reduce the time that [respondent] has been able to spend with the minor children;

(e) That it would be in the best interests of the minor children that their care, custody and control be transferred to the [respondent], subject to [appellant's] right of visitation;

(f) That [respondent] will, unlike [appellant], afford frequent and meaningful

contact between the children and [appellant]

On November 12, 1998, a hearing on the matter was conducted before the Circuit Court of Henry County, the Honorable Raymond T. Huesemann, presiding. At trial, it was adduced that: (1) appellant worked for the same employer as she did at the time of dissolution, although her work hours had increased; (2) the children lived with appellant in the same home that they did at the time of dissolution; and (3) the children had the same doctor and dentist that they did at dissolution. However, on January 13, 1999, the circuit court entered a judgment giving the parties joint legal and physical custody of the children. In the custody arrangement, appellant and respondent alternate custody with the children every seven days. In the only language concerning the court's reasons for modifying its prior judgment, this judgment stated:

The Court finds there has been a substantial and continuing change in circumstances sufficient to justify a modification of the Court's prior order regarding child custody, visitation and support in that the children are older and desire to spend more time with their father. The Court finds it is in the children's best interest that they do so.

The trial court's judgment was appealed.

### Standard of Review

The standard of review of a judgment entered by a trial court sitting without a jury was established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will reverse the court's judgment only if there is no substantial evidence to support it, it is against the weight of the evidence or if it erroneously declares or applies the law. *Tilley v. Tilley*, 968 S.W.2d 208, 211 (Mo. App. S.D.1998). The trial court's determination is given greater deference in child custody cases than in other cases. *Buschardt v. Jones*, 998 S.W.2d 791, 796 (Mo. App. W.D.1999). Under Rule 73.01(a)(3),

"[a]ll fact issues upon which no specific findings are made shall be considered as having been found according to the result reached." *Tilley*, 968 S.W.2d at 211.

### Discussion

■ In her first point, appellant argues that the trial court erred in modifying the physical custody arrangement provided for by its original judgment in that respondent failed to show any change in the circumstances of her, the custodial parent, or of the children since the time of that original judgment. Furthermore, appellant contends no evidence was presented to show that a change would benefit the welfare of the children. Section 452.410 RSMo 1994 provides in pertinent part, the following:

[T]he court shall not modify a prior custody decree unless ... it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

Thus, a significant change in the circumstances of the children or the custodial parent must occur before a child custody decree may be modified. *In re Marriage of Holden*, 977 S.W.2d 951, 955 (Mo.App. S.D.1998). "Once custody has been adjudicated, it should be transferred only where the change of circumstances is such that the welfare of the child requires it." *Id.* at 958.

■ In its judgment modifying custody, the trial court stated that "the children are older and desire to spend more time with their father." However, despite the fact that the children are older, and assuming that they do wish to spend more time with respondent, we cannot conclude that there has been a change in the circumstances of appellant or of the children to justify a change in the physical custody arrangement. "That children have grown older in and of itself is not a sufficient

change of conditions to warrant a change of custody." *Ijames v. Ijames,* 909 S.W.2d 378, 380 (Mo.App. S.D.1995). Otherwise, that obviously would be grounds for considering modification of custody in every case without anything more.

The children's purported desire to spend more time with their father is not a sufficient reason to modify custody in this case either. "The undisputed fact that the child wants to live with a certain parent is not a sufficient basis for the award of custody to that parent." *Id.* A child's preference of custodial parent can have a bearing on custodial rights only if, in light of all the evidence, their welfare and interests are consistent with that preference. *Id.* In addition, in the case at bar, respondent testified at trial, "The boys want to spend more time with me and I with them." Again, the desire of a child to spend more time with a parent is not a sufficient basis to change a prior custodial arrangement. Therefore, we do not find it to be a legitimate reason for modifying custody.

Respondent claims that the modification of custody rights was appropriate, because "the evidence of the trial shows that the appellant has consistently interfered with [his] visitation, by failing to comply with the 'reasonable visitation' requirement of the Judgment Entry of October 2, 1991." He states that "Appellant has repeatedly refused to allow any visitation beyond the dates specifically required in the Judgment Entry." Respondent argues that appellant interfered with his visitation rights by not allowing him visitation in excess of that which was explicitly provided for in the original decree. Respondent complains that it has been appellant's practice to rigidly follow the visitation schedule in the decree and, consequently, has not afforded him "reasonable visitation" with the children.

The term "reasonable visitation," as used in the original dissolution decree, refers to visitation including, but not limited to, the times specifically allotted in the decree. The respondent identifies some instances when the appellant failed to cooperate and provide visitation, and he is correct in pointing out that a custodial parent's interference with the visitation rights of the non-custodial parent can create a change in circumstances that may justify modification of custody. This is especially true where the evidence shows an unjustified and flagrant pattern of willful denial of visitation. *Tilley,* 968 S.W.2d at 212. (*See also, Lindell v. Coen,* 896 S.W.2d 525 (Mo.App. W.D.1995)). Interference with custody rights is not a conclusive factor, but should be considered a relevant factor in a modification proceeding. *Conoyer v. Conoyer,* 695 S.W.2d 480, 483 (Mo.App. E.D.1985). Respondent fails to cite any authority, nor can we find any, for the proposition that a parent's failure to allow the other parent visitation *exceeding* the times specified in the decree is akin to the type of interference with visitation rights alleged in *Tilley, Lindell* and numerous other cases.

We do encourage parents to cooperate with each other and become receptive to adjusting visitation schedules and complying with reasonable visitation that fulfills the needs of the parents and children. In this case, we find that appellant has been less than agreeable on some occasions about allowing respondent any visitation outside of the times specified in the original decree, and we would urge appellant to become more accommodating with respect to respondent's visitation needs. Nevertheless, appellant's actions, on the occasions described by respondent, do not rise to the level of interference of respondent's reasonable visitation rights that would justify a change in the custodial arrangement.

Lastly, we disagree with respondent's position that the decision of the trial court was justified because, as he alleges in his brief, "Appellant has also attempted to alienate [him] from participating in decisions with respect to the medical and edu-

cational needs of the children." In his brief, respondent recites a few instances of appellant's attempts to alienate him from the children. For example, respondent complains that, after the divorce, appellant made the decision to have their youngest son, Jason, attend Holy Rosary school without consulting respondent. In another example, respondent complains that he was not allowed to participate in the decision to get braces for their son, James. Respondent also notes that, on one occasion, James was sick with mononucleosis, and he was not notified of James' illness until after James was hospitalized. Respondent essentially complains, and he so testified, that he should have been able to participate in the decision to hospitalize James.

We agree that respondent should have been included in all of these decisions concerning his sons. However, we are not convinced that appellant's behavior in this regard is so egregious as to warrant a change in custody. We cannot construe anything that respondent complains of as an attempt by appellant to alienate respondent from his children. Furthermore, the record fails to show that even if respondent had participated in the decision-making involving Jason and James, different decisions would have been made. For example, with regard to the *choice of school* issue, respondent was asked at trial whether he thought Jason and his other two sons should attend a different school. He stated in part, "I really don't have any strong opinion one way or the other." With regard to the *braces*, appellant's counsel asked respondent, "Are you making a claim that the children should not have had the braces put on their teeth?" Respondent answered in part, "I don't know." Finally, with regard to James' *hospitalization,* respondent was asked, "Is it your testimony that the hospitalization was unnecessary and unreasonable for James?" He responded, "No."

## Conclusion

The two reasons for modification of physical custody expressed in the trial court's judgment are individually and collectively insufficient to justify a change in custody. It is also our determination that the other grounds for modification claimed by respondent in his pre-trial cross-motion and again in his appellate brief are equally unpersuasive. Thus, we find no substantial evidence to support the trial court's decision to modify custody.

In appellant's second point on appeal, she claims that upon modifying the custody arrangement, the trial court erred in calculating a commensurate modification in child support. However, since we find appellant's first point dispositive of this case, we need not reach this issue.

We therefore reverse the decision of the trial court on the child custody arrangement and order the trial court to reinstate the previous custodial arrangement. The trial court is also ordered to hold a hearing and hear evidence on the issues of visitation and child support. The trial judge should determine if adjustments should be made in the visitation schedule and the child support amount.

SMART and ELLIS, JJ., concur.