Sherri L. **MIERS**, Appellant,

v.

Judson I. **MIERS**, Respondent.

No. WD 58755.

Missouri Court of Appeals,
Western District.

Aug. 21, 2001.

Nancy Wallingford, Esq., Kansas City, for Appellant.

Patrick Campbell, Esq., for Respondent.

Before SPINDEN, C.J., HOWARD and HARDWICK, JJ.

HARDWICK, Judge.

In this marital dissolution case, the trial court awarded sole legal and physical custody of the parties' only child to the Father. Mother appeals the judgment as being against the weight of the evidence. We affirm.

**Factual and Procedural Background**

Appellant Sherri Davis and Respondent Judson Miers, hereafter called Mother and Father, were married on August 1, 1992, and separated on October 25, 1995. Jacob I. Miers, born to Mother and Father on September 22, 1994, was the only child born of the marital relationship.

Another child, Joshua C. Davis, was born during the marriage on February 3, 1993, and prior to the parties' separation. However, Joshua's biological father is Third Party Respondent, Jamie L. Davis.

Appellant also gave birth to two other children fathered by Jamie Davis while the parties were separated and the divorce action was pending. These two children are Jordan Jamie Davis, born January 27, 1998, and Jasper Nathan Davis, born August 13, 1999.

Mother filed her Petition for Dissolution of Marriage on October 25, 1995. The trial court heard the evidence on October 15, 1999, October 21, 1999, and October 28, 1999. On November 24, 1999, the court entered a Judgment and Decree of Dissolution of Marriage awarding Father sole legal custody and the parties joint physical custody of their only minor child, Jacob.

On February 29, 2000, at the request of Mother and the Guardian ad Litem, the trial court entered an order re-opening evidence on Jacob's physical and emotional condition. On April 26, 2000, the trial court heard additional evidence from the parties, three counselors, and the court re-interviewed the minor child. Following this hearing, on May 23, 2000, the trial court entered its Amended Judgment, granting Father sole legal and physical custody of Jacob. The decision was based on the following factual findings:

The Court finds it to be in the best interests of the minor child to be placed in the sole legal and sole physical custody of Father with rights of parenting time to Mother. The Court rejects the Parenting Plans submitted by both parties. The parties have no commonality of beliefs and are incapable of jointly making major decisions in the interests of Jacob. Mother has continuously denied Father reasonable parenting time with Jacob.

Mother has demonstrated significant anger control problems throughout the course of the marriage. Mother has physically attacked Father during the marriage as well as her current para-

mour, Jamie Davis. Mother has demonstrated verbal attacks against Police Officers and Social Service Investigators during the course of the marriage. Mother has no insight into her abusive behavior: she blames others, distorts the truth, becomes involved in exaggerated displays of emotion, distorts statements to serve herself, and the home environment which she provides offers little opportunity for the growth and development of children in her care. She has falsely accused Jacob's Father of raping her at the time of Jacob's conception. She has attempted to alienate the child from his father by encouraging the child to call her paramour "Daddy", and to call his own Father "Daddy Judd." She denied the child significant contact with his Father for a substantial period of time while the divorce was pending. She continues to attempt to alienate the child from Father by telling the child his Father is a liar. She denies she has done so. She is not credible in her denial. Prolonged contact for Jacob with his Mother is emotionally harmful to the child.

Mother is in need of individual counseling to address her anger control problems, her attempts to alienate Jacob from his Father, her lack of empathy for Jacob as she deliberately involves him in custody and visitation issues which are proper subjects for parents and the Court, for unsubstantiated allegations of inappropriate parenting on the part of Father, and appropriate boundaries in the parent-child relationship....

Jacob is not in need of long term counseling. Jacob is curious, active, expressive and goal directed. He is adaptable. He is comfortable with his Father and he is genuinely attached to him. Jacob has adjusted well to his new preschool environment. He is happy at school, appears to be in a good mood there, interacts well, follows directions well, participates, dresses appropriately, doesn't appear tired, and has good hygiene. He talks openly at school about his Father, Grandma, dog and garden.

It is not in Jacob's best interest for Mother to tell him that his Father is a liar. It is not in Jacob's best interest to call his Mother's boyfriend "Daddy" and his Father "Daddy Judd." It is not in Jacob's best interest for Mother to engage in out-of-control emotional behavior in front of Jacob as she did when she read the Court's Judgment in his presence. It is not in Jacob's best interest for Mother to discuss custody and visitation issues with him, as she has done.

Mother appeals, asserting that the trial court's custody decision was against the weight of the evidence.

### Standard of Review

■ Review of this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The Court must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Huffman v. Huffman*, 11 S.W.3d 882, 885(Mo.App. W.D.2000).

■ An appellate court should set aside a judgment as "against the weight of the evidence" if it firmly believes that the judgment is wrong, *Buschardt v. Jones*, 998 S.W.2d 791, 796 (Mo.App. W.D.1999), or if the judgment is clearly against the logic of the circumstances or is arbitrary or unreasonable. *Graves v. Graves*, 967 S.W.2d 632, 640 (Mo.App. W.D.1998). We will not disturb the trial court's judgment unless we are firmly convinced that the welfare of the child requires some other disposition. *Burkhart v. Burkhart*, 876 S.W.2d 675, 678 (Mo.App. W.D.1994).

In child custody matters the trial court's determination must be given greater deference than in other cases. *Guier v. Guier*, 918 S.W.2d 940, 946 (Mo.App.1996); *see also Brandow v. Brandow*, 18 S.W.3d 584, 587 (Mo.App. W.D.2000). It is presumed that the trial court reviewed all the evidence and awarded custody in light of the best interest of the child. *Hartig v. Hartig*, 738 S.W.2d 160, 161 (Mo.App. 1987). The presumption is based upon the trial court being in a better position to evaluate the credibility of witnesses than an appellate court. The resolution of conflicting evidence concerning the relative custodial fitness of a parent is left to the trial court with deference to be accorded its conclusions. *In re Marriage of Sisk*, 937 S.W.2d 727, 731 (Mo.App. S.D.1996). Therefore, the judgment is to be affirmed under any reasonable theory supported by the evidence. *Jones v. Jones*, 10 S.W.3d 528, 532 (Mo.App. W.D.1999).

### Analysis

Mother raises five points of error asserting that the trial court's custody decision was not in Jacob's best interest and was against the weight of the evidence. We address each point in order.

Point One

Mother asserts the trial court erred in awarding father custody because Jacob was adjusted to his mother's home, school, and community. Pursuant to Section 452.375.2 [1], the trial court must consider eight relevant facts in determining custody based on the child's best interests.[2] Mother's argument focuses on only one of those factors, as set forth in Section 452.375.2(5), which addresses the child's adjustment to the child's home, school, and community.

We presume the trial court considered all eight factors in Section 452.375.2 and, weighing the evidence, decided that it was in Jacob's best interest to be placed in his father's custody. Mother argues that she presented evidence showing she raised Jacob in a "stable home and good environment." The trial court contrasted this evidence with other evidence of Mother's anger control problems, her emotional outbursts in Jacob's presence, her physical attacks on the father, her verbal attacks on police officers and social services investigators, her efforts to deny father's visitation with the child, and her repeated attempts to alienate the child from his fa-

---

1. All statutory references are to the Revised Missouri Statutes (2000) unless otherwise noted.

2. Section 452.375 Custody

2. The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including: (1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties; (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child; (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests; (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent; (5) The child's adjustment to the child's home, school, and community; (6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm; (7) The intention of either parent to relocate the principal residence of the child; and (8) The wishes of a child as to the child's custodian.

ther. The trial court specifically found that Mother's denial of these behaviors was not credible.

Father also presented evidence that he had bonded with Jacob in the five months since he was originally awarded sole legal and joint physical custody. The court noted in its findings that Jacob had adjusted well to his new pre-school and was not in need of any counseling. Viewing the facts presented in a light most favorable to the Amended Judgment, the custody decision awarding Father sole legal and physical custody of Jacob was not against the weight of the evidence.

**Point Two**

▌ Mother presumes, without citing any facts or authority, that the trial court sought to punish her by awarding father custody of Jacob. Custody is not to be used as a reward or punishment of either parent, but must be based upon the best interests of the child. *Petty v. Petty*, 760 S.W.2d 555, 557 (Mo.App. W.D.1988). We presume that a custody decision was not a punitive measure unless there is something in the record to indicate animus by the trial judge against the non-custodial parent. *See B.L.E. v. V.A.E.*, 791 S.W.2d 427, 431 (Mo.App. W.D.1990). Mother's second point fails for lack of any indication that Judge Sill Rogers based her decision on anything other than the evidence presented.

▌ The Amended Judgment states that the custody decision was based on the finding that Mother had "continuously denied Father reasonable parenting time with Jacob." This finding was sufficiently supported by evidence that Mother refused Father's requests for visitation on several weekends, extended summer vacations, holidays and during the entire period of July 3, 1999, through September 15, 1999. A parent's history in denying the other parent meaningful contact with the child is a proper factor for the trial court to consider in determining custody. *Newsom v. Newsom*, 976 S.W.2d 33, 39 (Mo. App. W.D.1998).

▌ Mother argues that Father was merely entitled to compensatory parenting time pursuant to Section 452.400.6[3] and not a change of custody based on evidence she denied him access to the child. However, that statutory provision addresses remedies for violations of court-ordered visitation. Compensatory parenting time is available in cases where custody has been determined and the custodial parent has not complied with the parenting plan decreed by the court. In this case, the issue before the trial court was custody, not contempt. The Court considered evidence of the parties' post-separation visitation conduct for the purpose of determining the best custodial arrangement for Jacob pursuant to Section 452.375. The Court had no obligation to consider giving Father compensatory visitation time, or any other remedy under Section 452.400.6, and did not err in failing to do so.

---

3. *Section 452.400 Visitation Rights*

6. Upon a finding by the court pursuant to a motion for a family access order or a motion for contempt that its order for custody, visitation or third-party custody has not been complied with, without good cause, the court shall order a remedy, which may include, but not be limited to: (1) A compensatory period of visitation, custody or third-party custody at a time convenient for the aggrieved party not less than the period of time denied; (2) Participation by the violator in counseling to educate the violator about the importance of providing the child with a continuing and meaningful relationship with both parents; (3) Assessment of a fine of up to five hundred dollars against the violator payable to the aggrieved party; (4) Requiring the violator to post bond or security to ensure future compliance with the court's access orders; and (5) Ordering the violator to pay the cost of counseling to reestablish the parent-child relationship between the aggrieved party and the child.

### Point Three

 As a result of the custody award to Father, Jacob no longer primarily resides with his three half-brothers at his Mother's home. Mother asserts error in the trial court's decision to separate Jacob from his siblings without a showing of special or exceptional circumstances. All of the cases cited to support this argument in Mother's appeal brief involved the separation of full siblings, i.e. children who had the same biological mother and father. No authority was provided to indicate the trial court was required to find exceptional circumstances before separating Jacob's residential custody from that of his half-siblings.

This Court has approved the separation of half-siblings where that custody arrangement is in the subject child's best interest. *Couch v. Couch*, 978 S.W.2d 505 (Mo.App. W.D.1998); *Newsom v. Newsom*, 976 S.W.2d 33 (Mo.App. W.D.1998). Here, the trial court weighed the evidence and determined that Jacob's interest would be better served by residing with his father than in the same home with his half-brothers. While the separation is unfortunate, Jacob will be able to maintain a relationship with his half-siblings during the court-ordered weekend, holiday and summer visitation with Mother. *See Couch*, 978 S.W.2d at 511. Thus, no error arises from the sibling separation in this custody decision.

### Point Four

Mother alleges that Father's aggression and hostility toward her interferes with Father's allowing Jacob to have frequent, continuing, and meaningful contact with her. The trial court heard evidence on this allegation and weighed it against evidence of Mother's aggression and hostility towards Father. Ultimately, the trial court determined that many of Mother's allegations were unsubstantiated and that she needed counseling to address her anger control problem and attempts to alienate Jacob from his father. We defer to the trial court's resolution of this conflicting evidence, as it was in a better position to evaluate credibility and assess the relative custodial fitness of the parties. Based on the evidence presented, the decision awarding sole custody to Father was not against the logic of the circumstances, arbitrary or unreasonable. We therefore decline to disturb it on appeal.

### Point Five

 Mother contends that she was awarded insufficient parenting time and that the custody arrangement fails to provide her frequent, continuing contact with Jacob. The Amended Custody Plan approved in the Amended Judgment allows Mother to have parenting time with Jacob every other weekend, most holidays (including every Christmas Eve, Christmas Day, Easter weekend, Thanksgiving Day and weekend, Labor Day weekend, Memorial Day weekend, July 4th and Halloween), the child's birthday, one week of spring break, and four weeks in the summer. This Court will reverse a trial court's visitation order only where the visitation ordered is of unreasonable frequency or duration. *Hankins v. Hankins*, 920 S.W.2d 182, 187 (Mo.App.1996).

Mother testified as to what visitation she would request from the trial court if Father was awarded custody of Jacob. Mother said she would not want more than every other weekend and one week in the summer if she was not working.

 The trial court's custody plan provided Mother with substantially more parenting time than she requested at trial. On appeal, a party is not permitted to complain of error in which she joined or acquiesced at trial. *Taylor v. Taylor*, 908 S.W.2d 361, 363 (Mo.App.1995). Point denied.

### Conclusion

The trial court's award of sole legal and physical custody to Father is in Jacob's best interest and is not against the weight of the evidence. We affirm.

All concur.