

# In the
# Missouri Court of Appeals
# Western District

CORT WILLIAM ANDREWS,

        **Respondent,**

v.

TACILDAYUS ANDREWS,

        **Appellant.**

**WD76964**

**OPINION FILED:**

**JANUARY 13, 2015**

---

**Appeal from the Circuit Court of Andrew County, Missouri**
**The Honorable Michael J. Ordnung, Judge**

**Before Division One: Thomas H. Newton, P.J.,**
**Lisa White Hardwick, Anthony Rex Gabbert, JJ.**

Tacildayus Andrews ("Mother") appeals the circuit court's judgment denying her motion for leave to relocate with the two minor children. Mother raises two points on appeal. First, Mother argues that the trial court erred when it denied her motion to modify without further presentation of evidence because the trial court imposed a one day limitation on the presentation of evidence at trial. Second, Mother argues that the trial court erred when it entered its judgment giving Cort Andrews ("Father") sole custody of two minor children because the trial court relied on evidence that was not properly received into evidence at trial. We affirm.

**Factual Background**

Mother and Father were divorced on May 25, 2010. The parties were awarded joint legal and physical custody of their two children. In June 2012, Mother filed a motion to modify and for leave to relocate. Father filed a cross-motion to modify. Mother also filed a motion for appointment of a guardian ad litem ("GAL"), which was granted on January 29, 2013. The motions to modify and for leave to relocate were heard on May 30, 2013.

At the time of the hearing, the parties' two children were five and ten years old. Both Mother and Father were officers in the Army and hold the rank of Lieutenant Colonel. Mother and Father were stationed at Fort Leavenworth. Mother applied for a battalion commander position. The Army granted Mother's request for a battalion commander position and assigned her to Fort Hood, Texas. The command is expected to last 18 to 24 months and began in July 2013. After her assignment at Fort Hood, Mother will be reassigned somewhere else. Father planned to retire from the Army in November 2014 and continue to reside in Fort Leavenworth.[1]

The parties and their children have lived in Fort Leavenworth for four years. Prior to that, they had approximately six other military postings. Since the divorce, the children have alternated weeks between parents. The children have grown accustomed to their homes, schools, church, and community. The children also have performed well in school.

At the hearing, only Mother and Father testified. Although other potential witnesses were present at the hearing, they were not called to testify. At the close of the evidence, GAL reminded the court of her report and recommendations. The court asked GAL if she wished to

---

[1]There was no indication in the court documents or briefs whether or not Father actually retired from the Army as planned in November 2014.

add, amend, or change anything. Neither Mother nor Father objected to her report and recommendations or to the court's consideration of the same.

The circuit court denied Mother's motion to modify and relocate and granted Father's motion to modify. The court found that it was in the children's best interest if the parties continued to share joint legal and physical custody of the parties' minor children with the home of Father designated the address of the children for mailing and educational purposes. The parenting plan was also revised. Mother appeals.

## Time Limitations

In her first point on appeal, Mother argues that the trial court erred in denying her motion to modify without further presentation of evidence because trial courts must remain flexible when more time is required to more fully develop key issues. Mother contends that the trial court imposed a one day limitation on the presentation at trial even though there was a need to hear testimony from the children's live-in maternal grandmother and from the children's school teachers and principals. We find no error.

"A trial court has discretion to limit the time for presentation of evidence and review of the limitation is for abuse of discretion." *Colquitt v. Muhammad*, 86 S.W.3d 144, 152 (Mo. App. 2002). "[T]ime limitations should be imposed carefully and only after consultation with counsel." *B.J.D. v. L.A.D.*, 23 S.W.3d 793, 797 (Mo. App. 2000). "A party who complains about the exclusion of evidence should make an offer of proof to inform the trial court of the content of the evidence proffered and to allow this [C]ourt to determine the prejudicial effect of the exclusion." *Colquitt*, 86 S.W.3d at 152. If time does not permit, an offer of proof may be made in a post-hearing written motion. *Young v. Pitts*, 335 S.W.3d 47, 60 (Mo. App. 2011).

3

Mother argues that in the judge's chambers the morning of trial, the judge stated that the trial court would conclude at about 4:30 p.m. that day and that the case would be tried for only one day. However, no record of this alleged chambers meeting regarding the time limitation was ever announced on the record. In fact, in response to Mother's Motion to Vacate and Reopen the Case, the court adamantly denied any such limitation. The court stated, "the trial court did not limit or restrict either party in the presentation of their respective cases…[Mother's] assertion that any witness was 'unable' to testify on [Mother's] behalf is simply untrue."

Interestingly, the assertion of the alleged time limitation was not raised by Mother's trial counsel in her motion for a new trial but was instead asserted by Mother's appellate counsel who was not even present at trial—let alone any in-chambers pretrial conference. Absent from the record is an affidavit or testimony by Mother's trial counsel regarding the time limitation.

The only evidence on the record that points to a time limitation was a remark made by Father's counsel. He stated, "Well, Judge, you assured us that we need to be done about 4:30[.]" However, this remark was made after Father's counsel objected to repeated questions regarding matters that predated the divorce. The court responded to these questions and objections by stating that "this is going to evolve into a big mess, it's going to take forever, if you people want to do this." The court's response actually suggests that the parties were not limited to one day to present evidence.

Furthermore, no objections to the alleged time limitation or an offer of proof were ever made at trial. While a post-hearing written motion with an offer of proof is permitted, such can be done only where time does not permit an offer of proof at the close of the evidence. *See Young*, 335 S.W.3d at 60. Here, there is no indication on the record that Mother did not have time to make an offer of proof regarding what evidence would have been presented had there

4

been additional time. Thus, without a showing that there was a time limitation on the presentation of evidence or that Mother made a proper offer of proof, we find no error. Point one is denied.

## GAL's Findings and Recommendations

In her second point on appeal, Mother argues that the trial court erred when it entered its judgment giving Father sole custody because trial courts are not permitted to consider evidence that was not properly received into evidence at trial. Mother contends that trial court relied on both the GAL's Findings and Recommendations, a document never offered as or admitted into evidence, and statements that GAL made at trial, despite GAL never being sworn in, testifying under oath, or subject to cross-examination. We find no error.

In a court-tried case, this Court must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Huffman v. Huffman*, 11 S.W.3d 882, 885 (Mo. App. 2000). We will "defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the decree and disregarding all contrary evidence and inferences." *In re Marriage of Fuldner*, 41 S.W.3d 581, 587 (Mo. App. 2001).

We first note that in Mother's point relied on she states that the court awarded Father sole custody of the children. However, the court's judgment to modify never states that Father is to have sole custody of the children. Instead, the judgment explicitly states several times that "the parties will continue to share joint legal and physical custody" of the children. Because of Mother's relocation to Texas, the court modified the parenting plan and designated Father to have residential custody of the children for mailing and educational purposes.

5

In GAL's report, she recommended that the children remain with the Father during the school year while allowing Mother to have liberal visitation. At the close of the evidence, the court asked GAL if she had anything to add, amend, or change from her recommendation. The only portion of the report that GAL amended was regarding the schools in Fort Hood compared to the schools in Fort Leavenworth. The GAL amended the report to reflect that the school where Mother had enrolled the children in Fort Hood was equally good as the school the children attended in Fort Leavenworth.

While GAL's findings and recommendation report does not have a file stamp dated on it, the docket sheet reflects that it was received by the court on the day of the motion hearing. Presumably it was filed at the time of the hearing or before because the court states that it had the recommendation. Regardless, "[t]he mere filing of a document does not put it into evidence." *In re Morrison*, 987 S.W.2d 475, 479 (Mo. App. 1999).

Despite the court asking GAL about adding or amending her recommendation, neither Mother nor Father objected to the GAL's report or her remarks. As a result, "[f]ailure to object at the earliest opportunity to the admission of evidence or argument of counsel constitutes a waiver of claim." *State v. Cosby*, 976 S.W.2d 464, 467 (Mo. App. 1998).

Even if, however, "the report and statements contained therein did indeed constitute inadmissible evidence, that alone would not provide a basis for finding reversible error." *Love v. Love*, 72 S.W.3d 167, 173 (Mo. App. 2002). "[I]n a court-tried case, erroneous admission of evidence only requires reversal where there is an absence of other sufficient competent evidence to support the decree." *Sanfilippo v. Sanfilippo*, 637 S.W.2d 77, 79 (Mo. App. 1982).

Here, the record is replete with sufficient competent evidence to support the court's judgment. The court found that both Mother and Father are loving and caring parents, which

6

was consistent with and uncontradicted by the parties' testimony. The court also determined that the children should predominately reside with Father because he provided a more stable living environment. This determination is supported by the testimony of both parties.

Mother testified that she was relocating to Fort Hood, Texas for 18 to 24 months. Following her service there, Mother would be relocated somewhere else. Father testified that he was retiring from the Army in November 2014 and was planning on staying in the Fort Leavenworth area. The parents testified that they had resided in the Leavenworth area for the past four years and that the children had become well adjusted and were doing well in school. The children have also made friends and are very involved in church and extracurricular activities. Furthermore, the children have extended family located near them, including Father's Mother who cared for the children for approximately thirteen months when both Father and Mother were deployed overseas. With this evidence on the record, there is sufficient competent evidence, aside from GAL's report, that supports the court's judgment. Thus we find no error. Point two is denied.

We conclude, therefore, that the circuit court did not error in denying Mother's motion to modify because Mother failed to show that there was a time limitation on the presentation of evidence or make a proper offer of proof, and there was sufficient competent evidence on the record, without GAL's report and recommendations, to support the court's conclusion. We affirm the circuit court's judgment.

/s/
Anthony Rex Gabbert, Judge

All concur.

7